CHIEF JUSTICE GRAY
specially concurring.
¶41 I have signed, and join in, the Court's opinion in its entirety. I write separately only to comment on Justice Cotter's thoughtful concurring and dissenting opinion.
¶42 I agree with much of Justice Cotter's opinion. In particular, I agree with those portions of her opinion which discuss the importance to both prosecutors and criminal defendants of the availability of plea agreements. I would add to Justice Cotter's concerns another one of critical importance: the State's efforts to enforce child support orders and collect ordered support by any legal means.
¶43 I cannot agree, however, with Justice Cotter's conclusion that the State is entitled to the benefit of its bargain in the present case. Prosecutors are aware that sentencing courts are bound by statutory parameters in Montana which essentially define legal sentences. Prosecutors also know, or should have known soon after February 3, 1999, the date on which we decided Ommundson, that a sentencing limitation or condition must have some correlation or connection to the underlying offense for which the defendant is being sentenced.
¶44 Here, the plea agreement between the prosecutor and Horton was executed on August 13, 1999, more than six months after Ommundson s holding that sentencing conditions must relate to the underlying offense for which a sentence is to be imposed. At that point, the prosecutor had no entitlement to benefit from a bargain which would require the District Court to impose an illegal sentence. Under different circumstances than those presented here, a remand might well be appropriate. Where, however, as here, the State is not entitled to the benefit of a bargain which included a condition which would render the sentence unlawful, it is my ’view that our only legitimate choice-like it or not-is to strike the offending condition. For that reason, I join the Court in doing so.